Duer, J.
It may be true,' as the counsel for the plaintiffs has contended, that the court of appeals, by its recent decisions, has settled the law, that the omission in an assignment, giving preferences, of any provision relative to a possible surplus, is evidence of a fraudulent intent, which renders the assignment void under, the statute. But, in my judgment, it is only a constructive fraud which is thus established, for I cannot regard the omission as. evidence j)err se of an actual intent, existing in the mind of the debtor and governing his act; and I am clear in the opinion that it is proof of an actual intent, that in all cases, in which fraud is charged, ought to be required to justify or sustain an order of arrest. The constructive guilt of a debtor, who is innocent in fact, can never be held by me to be a sufficient ground for his imprisonment.
Let it be admitted, however, that such an omission as is now relied on affords some evidence of a fraudulent intent, actually existing ■ in the mind of the debtor, it is undeniable that it is a presumption only that it raises; a presumption which the debtor is competent to meet and repel, and which in the case before me is conclusively repelled. It is proved to my entire satisfaction, that the property assigned will be insufficient to satisfy the debts which are directed to be paid, and that tliis insufficiency was known to the parties when the assignment was executed. It is manifest, that there could have been no intent to defraud the. general creditors by the appropriation of a surplus to the use of the defendants, if not only no such surplus was expected to arise, but it was certainly known that none would exist, and such I am satisfied were the facts. Order vacated, and defendants discharged.
Approved by Oakley, Oh. J., Campbell and Boswobth, J.J.